# DECISIONS COURT OF APPEAL.

## Parish of Orleans.

No. 4019.

(Court of Appeal, Parish of Orleans.)

MICHAEL J. O'CONNOR vs. EMILE LEVY.

1.  The doctrine in Chadwick vs Menard, 104 La. 38. is that the delay of payment of a loan, obtained for a price in excess of the conventional rate of interest, is without legal consideration, unless, by written agreement, the principal and interest be capitalized.
2.  An amount so paid may, if seasonably sued for, be recovered by the borrower under Art. 2924 R. C. C.

Appeal from Civil District Court Division A.

F. Rivers Richardson for Plaintiff and Appellee.

M. W. Boylan and L. DePoorter for defendant and appellant.

DUFOUR, J.   On July 12th, 1905, O'Connor borrowed money from Levy, and gave him two notes for $100.00 each payable thirty days after date, in return for which Levy gave him $182.00.

At maturity, O'Connor paid Levy $20.00 to hold the notes over for another month, and by subsequent arrangements of the same character the notes were held over by Levy until November, when, to protect from suit the parties who had endorsed for him, O'Connor paid the notes.

He now sues to recover $105.00, claimed by him to have been usurious interest.

There is testimony in the record to show that the money was paid in consideration of the extension of the time of payment of the original obligation; there is other testimony to show that the money was paid periodically as interest, and

3

that this was understood by all parties to the transactions.

According to our appreciation of the jurisprudence, it is immaterial what the intention of the parties was in that respect.

In Foster vs. Wise, 27 An. 538, it was held that, where the maker of a note bearing eight per cent interest agreed to pay and gave a note for an additional sum in order to get an extension of the maturity of said note. the extension of the time of payment of the note was the real consideration and a lawful one.

This doctrine was approvingly quoted in Chadwick vs. Menard, 104 La 41, but, on a rehearing, the majority of the Court concluded that a *bonus* for an extension of time on a loan could not be recovered by the lender, when in excess of the conventional rate, and it was said : "that interest not capitalized, in excess of the conventional rate, for the extension of the payment of a loan is not considered legal consideration." Under Art. 2924 R. C. C., the $18.00 originally retained by the lender, cannot be recovered, because they are included or capitalized in the notes, but the subsequent cash payments for extension of time are clearly usurious and must be returned, if, as now, seasonably sued for.

Judgment affirmed.